UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO JULIAN LUNA, | Case No. 2:24-cv-1686-JDP (P) |
| Petitioner, | |
| v. | ORDER |
| B. PHILIPS, | |
| Respondent. | |

Petitioner, an inmate at Salinas Valley State Prison, brings this action under section 2254. ECF No. 1. He was sentenced in 2002, *id.* at 2, but brings claims related to his petition for resentencing under California Penal Code section 1170.95, *id.* at 20. Those claims, for the reasons stated below, do not raise a colorable federal habeas claim. I will dismiss the petition with leave to amend, so that petitioner may explain why this action should still proceed. I will grant his application to proceed *in forma pauperis*, ECF No. 5.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Claims regarding state resentencing, like the ones petitioner presents here, are not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Such claims may not be recast as federal ones merely by alleging that the denial of resentencing violates petitioner's federal due process rights. *See Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996). Federal courts have held that resentencing claims arising under section 1170.95 are precluded. *See Maldonado v. Martinez*, NO. CV 23-188-DDP (AGR), 2024 U.S. Dist. LEXIS 19756, *10, 2024 WL 418192 (Cal. C.D. Feb. 5, 2024) ("Whether Petitioner is eligible for resentencing under § 1170.95, and the procedures involved, are issues of state law not cognizable on federal habeas review.").

I will dismiss the petition and give petitioner leave to amend so that he may explain why this action should still proceed.

Accordingly, it is hereby ORDERED that:

1. Petitioner's application to proceed *in forma pauperis*, ECF No. 5, is GRANTED.

2. The petition, ECF No. 1, is DISMISSED.

3. Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send petitioner a habeas petition form with this order.

IT IS SO ORDERED.

Dated:   November 20, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE