UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO JULIAN LUNA, | Case No. 2:24-cv-1686-JDP (P) |
| Petitioner, | |
| v. | ORDER; FINDINGS AND RECOMMENDATIONS |
| B. PHILIPS, | |
| Respondent. | |

The court screened petitioner's initial petition on November 20, 2024. ECF No. 6. There, the court found that the petition did not state a claim and provided petitioner with thirty days to file either an amended petition or notice of voluntary dismissal. *Id.* On January 6, 2025, the court granted petitioner's motion for a sixty-day extension of time. ECF No. 8. When petitioner did not timely file an amended petition, on March 24, 2025, the court ordered petitioner to show cause for why this action should not be dismissed for this failure to state a claim, failure to prosecute, and failure to comply with court orders. ECF No. 9. On April 4, 2025, petitioner filed a motion for a ninety-day extension of time; petitioner was granted forty-five days to file an amended petition. ECF Nos. 10 & 11. In that order, the court informed petitioner that no further extensions would be granted and a failure to comply with the order would result in a recommendation that this action be dismissed. ECF No. 11. Petitioner then sought a third extension of time. ECF No. 12. The court granted petitioner's request and notified him that if he

1 did not file an amended petition within twenty-one days, I would recommend that this action be
2 dismissed for failure to state a claim, failure to prosecute, and failure to comply with court orders.
3 ECF No. 13.  Petitioner has not filed an amended petitioner as ordered, and the time to do so has
4 passed.  Accordingly, dismissal of the action is warranted.

5       The court has the inherent power to control its docket and may, in the exercise of that
6 power, impose sanctions where appropriate, including dismissal.  *Bautista v. Los Angeles Cnty.*,
7 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to
8 comply with these Rules or with any order of the Court may be grounds for imposition by the
9 Court of any and all sanctions . . . within the inherent power of the Court.").

10       A court may dismiss an action based on a party's failure to prosecute an action, failure to
11 obey a court order, or failure to comply with local rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54
12 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258,
13 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
14 complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
15 comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v.*
16 *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court
17 order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
18 prosecution and failure to comply with local rules).

19       In recommending that this action be dismissed, I have considered "(1) the public's interest
20 in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
21 prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
22 (5) the availability of less drastic alternatives."  *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

23       Here, petitioner has failed to respond to court orders directing him to file an amended
24 petition.  Therefore, the public interest in expeditious resolution of litigation, the court's need to
25 manage its docket, and the risk of prejudice to the respondent all support imposition of the
26 sanction of dismissal.  Lastly, my warning to petitioner that failure to obey court orders will result
27 in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at
28 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  Specifically, the July 10 order

expressly warned petitioner that his failure to comply with the order may result in dismissal. ECF No. 13. Petitioner had adequate warning that dismissal could result from his noncompliance. Accordingly, I find that the balance of factors weighs in favor of dismissal.

Accordingly, it is hereby ORDERED that the Clerk of Court assign a district judge to this action.

Further, it is hereby RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim, failure to prosecute, and failure to comply with court orders for the reasons set forth in the July 10, 2025 order.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     September 9, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE