UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO JULIAN LUNA,<br><br>    Petitioner,<br><br>    v.<br><br>B. PHILLIPS,<br><br>    Respondent. | Case No. 2:24-cv-1686-DC-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

On September 9, 2025, I recommended that this action be dismissed for failure to prosecute after petitioner failed to file an amended petition within the deadline. ECF No. 14. I found that his initial petition was non-viable, ECF No. 6, and petitioner failed to file an amended petition within the deadline, despite being granted two extension of times, ECF Nos. 11 & 13. After my recommendations issued, petitioner filed over two-hundred pages of "exhibits." ECF No. 15. Most of these are state court documents but, among them, are a handful of pages that can be construed as an amended petition, *id.* at 68-72. Accordingly, out of an abundance of caution, I withdraw my current findings and recommendations and, in their place, substitute the following recommendation that this action be dismissed for failure to state a cognizable claim.

In what I construe as a possible amended petition, petitioner identifies two claims. First, he states that he is requesting resentencing under state law. *Id.* at 68-69. Such claims, which sound purely in state law, are not cognizable on federal habeas review. *See Estelle v. McGuire*,

1

1  502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie
2  for errors of state law.") (internal quotation marks omitted).  Second, petitioner makes reference
3  to an ineffective assistance of counsel claim, but it is too vague and ill-defined to be cognizable.
4  He states that trial counsel "failed to competently challenge petitioner's due process." *Id.* at 70.
5  Petitioner asks the court to review the "appellant's opening brief" and "petition for review," and
6  these indicate that he is claiming that counsel was inadequate during his resentencing
7  proceedings.  *Id.* at 5, 56-59.  Ineffective assistance of counsel claims related to resentencing
8  proceedings have been deemed non-cognizable on federal habeas review in this circuit.  *See Goni*
9  *v. Phillips*, NO. CV 24-5287-JVS (AGR), 2025 U.S. Dist. LEXIS 168182, *24 (C.D. Cal. Jul. 16,
10 2025) (collecting cases).

11 　　　The amended petition, if it is one at all, brings no cognizable claims and must be
12 dismissed.

13 　　　Accordingly, it is ORDERED that the findings and recommendations at ECF No. 14 are
14 VACATED and withdrawn.  The ones in this filing are substituted and it is RECOMMENDED
15 that the amended petition, contained in ECF No. 15, be dismissed for failure to state a cognizable
16 habeas claim.

17 　　　These findings and recommendations are submitted to the United States District Judge
18 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
19 after service of these findings and recommendations, any party may file written objections with
20 the court and serve a copy on all parties.  Such document should be captioned "Objections to
21 Magistrate Judge's Findings and Recommendations."  Any response shall be served and filed
22 within fourteen days of service of the objections.  The parties are advised that failure to file
23 objections within the specified time may waive the right to appeal the District Court's
24 order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th
25 Cir. 1991).

IT IS SO ORDERED.

Dated: October 20, 2025

 JEREMY D. PETERSON
 UNITED STATES MAGISTRATE JUDGE

3