UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO JULIAN LUNA,<br><br>          Petitioner,<br><br>    v.<br><br>B. PHILLIPS,<br><br>          Respondent. | No. 2:24-cv-01686-DC-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 16) |

Petitioner Benito Julian Luna, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 13, 2024, Petitioner filed an initial petition for writ of habeas corpus. (Doc. No. 1.) On November 20, 2024, the magistrate judge screened the initial petition and found that the petition did not state a federal habeas claim. (Doc. No. 6.) The magistrate judge dismissed the initial petition with leave to amend. (*Id.* at 2.) For the next seven months, the magistrate judge granted Petitioner's requests for extensions of time to file an amended petition. (Doc. Nos. 8, 11, 13.) However, Petitioner did not timely file an amended petition.

On September 9, 2025, the magistrate judge filed findings and recommendations recommending this action be dismissed without prejudice for failure to state a claim, failure to

1

prosecute, and failure to comply with court orders. (Doc. No. 14.) On September 15, 2025, Petitioner filed over two-hundred pages of "exhibits" that included a handful of pages the court liberally construed as an amended petition for writ of habeas corpus. (Doc. No. 15 at 68–72.) On October 20, 2025, the magistrate judge filed findings and recommendations vacating the September 9, 2025 findings and recommendations and recommending Petitioner's amended petition be dismissed for failure to state a cognizable habeas claim. (Doc. No. 16.)

The findings and recommendations were served on Petitioner and contained notice to Petitioner that any objections to the findings and recommendations were to be filed within fourteen (14) days.[1] (*Id*. at 2.) To date, Petitioner has not filed objections to the findings and recommendations, and the time to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Having found that Petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may issue a certificate of appealability only if "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The petitioner is not required to prove the merits of his case, but he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 328 (quoting *Barefoot v. Estelle*, 463

---

[1] On October 29, 2025, Petitioner filed, among other things, a motion for an extension of time to file objections to the findings and recommendations. (Doc. No. 17.) On November 13, 2025, the magistrate judge granted Petitioner's motion for an extension of time and provided Petitioner an additional fourteen (14) days to file objections. (Doc. No. 18.)

U.S. 880, 893 (1983)) (internal quotation marks omitted). Additionally, when the court denies habeas relief on procedural grounds without reaching an underlying constitutional claim, a court should issue a certificate of appealability if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In the present case, the court concludes that reasonable jurists would not find the court's determination that the petition should be denied to be debatable or wrong, or that the issues presented are deserving of encouragement to proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1.    The findings and recommendations filed on October 20, 2025 (Doc. No. 16) are ADOPTED in full;

2.    Petitioner's amended petition for writ of habeas corpus (Doc. No. 15) is dismissed for failure to state a cognizable habeas claim;

3.    The court declines to issue a certificate of appealability; and

4.    The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **February 8, 2026**    _____

Dena Coggins
United States District Judge

3